1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11    KAREN BENDANA,                        Case No. 8:25-cv-01310-SSS-AJR

12                    Plaintiff,
                                            **ORDER ACCEPTING FINDINGS,**
13          v.                              **CONCLUSIONS AND**
                                            **RECOMMENDATIONS OF UNITED**
14    COUNTY OF ORANGE, ET AL.,             **STATES MAGISTRATE JUDGE**

15                    Defendants.

16

17         Pursuant to 28 U.S.C. § 636, the Court has reviewed the motions to dismiss, all the

18   records and files herein, and the Report and Recommendation of the United States

19   Magistrate Judge.  The Court has considered Plaintiff's Objections to the Report and

20   Recommendation (the "Objections"), Defendants' Response to the Objections, and

21   Plaintiff's Request that the Court Consider Her Objections in Full.  The Court has also

22   conducted a *de novo* review of those portions of the Report and Recommendation to

23   which Plaintiff objected.

24         The Report and Recommendation ("Report") recommends that the dismissal of

25   Plaintiff's First Amended Complaint without leave to amend.  [Dkt. 38].  Plaintiff's

26   objections [Dkt. 40] do not merit any change to the Report's findings or

27   recommendations.

28

1       The gravamen of Plaintiff's objections is that subject matter jurisdiction in the state

2  court was lacking under the California Family Code to conduct the underlying family-law

3  proceedings involving Plaintiff and her child. [Dkt. 40 at 2-9]. On the contrary,

4  according to Plaintiff's own allegations, the biological father of the child filed a "father's

5  private petition" with the state court. *Id*. at 4. Thus, the state court had subject matter

6  jurisdiction. *See V.S. v. M.L.*, 222 Cal. App. 4th 730, 734-35 (2013) ("'an action to

7  determine the existence of the father and child relationship may be brought' by several

8  categories of persons, including 'a man alleged or alleging himself to be the father'")

9  (quoting Cal. Family Code § 7630(c)).

10      Plaintiff objects to the Report's analysis that Defendant Judge Solis is entitled to

11  judicial immunity and that Defendants Jacobs, Ridlon, and Hartman are entitled to

12  prosecutorial immunity. [Dkt. 40 at 9-16]. The objections are misplaced because they are

13  based on the erroneous premise that Judge Solis acted without subject matter jurisdiction.

14      Plaintiff objects to the Report's analysis that her claims implicate the *Younger*

15  abstention doctrine and the *Rooker-Feldman* doctrine. [Dkt. 40 at 16-26]. The objections

16  likewise are misplaced because they are based on the erroneous premise that subject

17  matter jurisdiction in state court was lacking.

18      Plaintiff objects to the Report's analysis that her First Amended Complaint

19  otherwise fails to state a viable claim. [Dkt. 40 at 26-28]. The Court agrees with the

20  Report that, from the First Amended Complaint, "Plaintiff's allegations against

21  Defendants are largely conclusory and fail to specify each defendant's conduct." [Dkt. 38

22  at 19; *see also* Dkt. 5].

23      Plaintiff objects to the Report's analysis that she has failed to state a Fourth

24  Amendment claim based on the seizure of her child. [Dkt. 40 at 28-32]. The Court agrees

25  with the Report, which cites several authorities to conclude that Plaintiff, a *pro se* litigant,

26  may not vicariously assert her child's Fourth Amendment rights. [Dkt. 38 at 22].

27      Plaintiff objects to the Report's analysis that she has failed to state a Fourteenth

28  Amendment claim. [Dkt. 40 at 32-34]. The Court agrees with the Report that the

1   judicially noticed record shows that Plaintiff received notice and an opportunity to be

2   heard in the custody dispute, and that the removal of the child was executed pursuant to a

3   protective custody warrant authorized by the family court.  [Dkt. 38 at 24; *see also* Dkt. 1

4   at 78-79, 86-87].  Plaintiff's objection that the state court lacked authority to conduct such

5   proceedings is based on the erroneous premise that Judge Solis acted without subject

6   matter jurisdiction.

7        Plaintiff objects to the Report's analysis that she has failed to state a Ninth

8   Amendment claim.  [Dkt. 40 at 34-37].  The Court agrees with the Report that the Ninth

9   Amendment does not independently secure any constitutional rights for purposes of

10  pursuing a civil rights claim.  [Dkt. 38 at 24].

11       Plaintiff objects to the Report's analysis that she has failed to state a civil

12  conspiracy claim.  [Dkt. 40 at 37-39].  The Court agrees with the Report that Plaintiff

13  failed to allege a conspiracy in a non-conclusory manner and failed to allege any class-

14  based or invidiously discriminatory animus behind Defendants' alleged actions.  [Dkt. 38

15  at 25].  The First Amended Complaint merely alleged in a conclusory manner that

16  Defendants "acted in concert" and engaged in "a coordinated pattern of abuse and intent

17  to deprive Plaintiff of equal protection under the law."  [Dkt. 5 at 9].

18       Plaintiff objects to the Report's analysis that she has failed to state a claim under

19  *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658 (1978).  [Dkt. 40 at

20  39-42].  The Court agrees with the Report that the First Amended Complaint identifies no

21  policy, practice, or custom of the County of Orange that caused her alleged injury.  [Dkt.

22  38 at 27; *see also* Dkt. 5 at 10].  The Court also agrees with the Report that the County of

23  Orange cannot be liable based on the conduct of prosecutors who represent the state,

24  which is entitled to Eleventh Amendment immunity.  [Dkt. 38 at 27-28].

25       Plaintiff objects to the Report's analysis that she fails to state a Section 1983

26  supervisor liability claim against the prosecutor Defendants in their individual capacities.

27  [Dkt. 40 at 42-45].  The Court agrees with the Report that the First Amended Complaint

28  fails to allege facts permitting a plausible inference that the two prosecutorial supervisors,

1   Jacobs and Hartman, had actual knowledge of Plaintiff's custody proceedings, directed

2   any unconstitutional act, or implemented any policy that caused the alleged harm.  [Dkt.

3   38 at 28-29; *see also* Dkt. 5 at  4].  Although Plaintiff objects that the supervisors knew

4   jurisdiction had not been established [Dkt. 40 at 43], the objection is based on the

5   erroneous premise that Judge Solis acted without subject matter jurisdiction.

6          Plaintiff objects to the Report's analysis that she cannot obtain punitive damages

7   against the County of Orange or the prosecutor Defendants.  [Dkt. 40 at 45-46].  The

8   Court agrees with the Report that municipalities and public entities are immune from

9   punitive damages.  [Dkt. 38 at 29].  To the extent that Plaintiff objects that punitive

10  damages should be available against Defendants in their personal capacities for their

11  "ultra vires action" [Dkt. 40 at 46], Plaintiff has failed to state a claim because it is based

12  on the erroneous premise that subject matter jurisdiction was lacking.

13         Plaintiff objects to the Report's analysis that the First Amended Complaint should

14  be dismissed without leave to amend.  [Dkt. 40 at 46-47].  The Court agrees that leave to

15  amend is not warranted for several reasons.  [Dkt. 38 at 30-31].  Plaintiff's claims are

16  barred by judicial immunity, prosecutorial immunity, Eleventh Amendment immunity,

17  *Younger* abstention, and the *Rooker-Feldman* doctrine.  *Id.*

18         Plaintiff objects to the Report's analysis that her request for a temporary restraining

19  order and preliminary injunction should be denied.  [Dkt. 40 at 50-52].  The Court agrees

20  with the Report that Plaintiff has not shown entitlement to such relief because she cannot

21  possibly state a viable federal claim based on the facts alleged.  [Dkt. 38 at 32].

22         Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court

23  to alter or modify the Report and Recommendation.  Accordingly, the Court accepts and

24  adopts the findings, conclusions, and recommendations of the Magistrate Judge.

25         IT IS ORDERED that:  (1) the motions to dismiss filed by Judge Solis and the

26  County Defendants are GRANTED [Dkts. 12, 14]; (2) the requests for judicial notice filed

27  by Plaintiff and the County Defendants are GRANTED [Dkts. 15, 20, 24]; (3) Plaintiff's

28  motion for leave to file a sur-reply is GRANTED [Dkts. 29–30]; (4) Plaintiff's First

1    Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND [Dkt. 5]; (5)

2    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is

3    DENIED [Dkt. 34]; and (6) this action is DISMISSED WITH PREJUDICE.

4         IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the

5    Judgment herein on Plaintiff at Plaintiff's current address of record, as well as all parties

6    who have appeared in the action.

7         LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9

10   DATED: January 5, 2026

11

12   _____
     HON. SUNSHINE SUZANNE SYKES
13   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28