**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN BENDANA, | Case No. 8:25-cv-01310-SSS-AJR |
| Plaintiff, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| COUNTY OF ORANGE, ET AL., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge.  The Court has considered Plaintiff's Objections to the Report and Recommendation (the "Objections") and conducted a *de novo* review of those portions of the Report and Recommendation to which Plaintiff objected.

The Report recommends the denial of Plaintiff's motion for reconsideration. [Dkt. 48].  Plaintiff's objections to the Report [Dkt. No. 50] do not merit any change to the Report's findings or recommendations.

Plaintiff objects that the Report misapprehends the legal premise of her Rule 59(e) motion.  [Dkt. 50 at 2-3].  The legal premise of the motion apparently is that

the judgment in this action "rests upon a misapprehension of controlling law." *Id*. at 3. The Court agrees with the Report that Plaintiff did not show clear error. [Dkt. 48 at 6]. Plaintiff's claims against a state court Judge and other officials involved in her family-court proceeding are barred by abstention, immunity, and lack of federal subject-matter jurisdiction. *Id*.

Plaintiff objects that the Report erroneously concludes that her statutory sequencing argument was previously analyzed. [Dkt. 50 at 3-5]. The statutory sequencing argument apparently is that the filing of petition under California Family Code § 7630 is sequentially distinct from custodial authority under California Family Code § 7636. *Id*. at 3. The Court agrees with the Report that Plaintiff did not show clear error. [Dkt. 48 at 6]. Plaintiff's assertion about a statutory sequence does not overcome the Report's findings that her claims are barred by abstention, immunity, and lack of federal subject-matter jurisdiction. *Id*.

Plaintiff objects that the Report incorrectly treats the statutory predicate issue as legally immaterial. [Dkt. 50 at 5-7]. This objection is duplicative of Plaintiff's prior objection about statutory sequencing and likewise fails to show clear error.

Plaintiff objects that application of *Younger* abstention rests on an unresolved predicate question. [Dkt. 50 at 7-9]. The question apparently is whether Plaintiff had an adequate opportunity to raise federal claims in state court. *Id*. at 8-9. As the earlier Report found, however, "[s]tate courts are fully competent to adjudicate federal constitutional issues, and Plaintiff's own filings show she has done so." [Dkt. 38 at 16]. Thus, Plaintiff failed to show clear error in the *Younger* analysis to the extent the custody proceedings are ongoing. [Dkt. 48 at 7].

Plaintiff objects that the Report misapplies the *Rooker-Feldman* doctrine by treating the federal claim as appellate review of state orders. [Dkt. 50 at 9-11]. "*Rooker-Feldman* applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Miroth v. County of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025)

(citation and quotation marks omitted).  The gravamen of Plaintiff's pleading was errors by the state court, whose orders she sought to overturn.  [Dkt. 5 at 10].  Thus, *Rooker-Feldman* bars Plaintiff's claims to the extent she seeks federal review or nullification of completed state-court orders.  [Dkt. 48 at 7].

Plaintiff objects that absolute judicial immunity does not apply where the alleged conduct occurred in the clear absence of jurisdictional authority.  [Dkt. 50 at 11-12].  The Court agrees with the Report that Plaintiff failed to show clear error because "Plaintiff's claims against Judge Solis remain barred by absolute judicial immunity, which applies even where a judge is alleged to have acted in excess of authority or in error."  [Dkt. 48 at 7].

Plaintiff objects that prosecutorial and investigative immunity do not extend to enforcement actions taken absent lawful custodial authority.  [Dkt. 50 at 12-13].  The Court agrees with the Report that immunity applies to the prosecutorial and investigative Defendants because "the alleged conduct arose from advocacy and enforcement activities intimately associated with judicial proceedings and the execution of facially valid court orders."  [Dkt. 48 at 8].

Plaintiff objects that the Report improperly concluded that amendment would be futile without addressing the structural defect identified in her motion for reconsideration.  [Dkt. 50 at 13-14].  The Court agrees with the Report that amendment would be futile because Plaintiff's claims are barred as a matter of law, not pleading deficiency.  [Dkt. 48 at 8].

Having conducted a *de novo* review, Plaintiff's Objections do not cause this Court to alter or modify the Report and Recommendation.  Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that Plaintiff's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is DENIED.  The Judgment entered on January 5, 2026 remains in full force and effect.

3

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and herein on Plaintiff at Plaintiff's current address of record and on all parties who have appeared in the action.

DATED: March 6, 2026

_____
HON. SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

4